IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VU THANG PHAN, | ) | 8:09CV433 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ERIC HOLDER, Attorney General, | ) | |
| JANET NAPOLITANO, Department | ) | |
| of Homeland Security, and | ) | |
| CAROLYN PRATT, DHS District | ) | |
| Director for the Omaha District | ) | |
| Office, | ) | |
| | ) | |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:      Petitioner's continued detention by Respondents violates 8 U.S.C. § 1231(a)(6) *because* the six-month detention period has expired and his removal to North Vietnam or any other country is not significantly likely to occur in the reasonably foreseeable future.

Claim Two:      Petitioner's continued detention by Respondents violates his right to substantive due process *because*

the six-month detention period has expired and Respondents' interest in detaining Petitioner to effectuate removal does not justify indefinite detention of Petitioner especially where Petitioner's removal to North Vietnam is not significantly likely to occur in the reasonably foreseeable future.

Claim Three:      Petitioner's continued detention by Respondents violates his right to procedural due process *because* Respondents have failed to provide a neutral decision maker to review Petitioner's custody status, have failed to act on Petitioner's administrative request for release, and there is no administrative mechanism in place for Petitioner to "demand a decision" regarding his custody status.

Liberally construed, the court preliminarily decides that all three of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.      Upon initial review of the Petition (filing no. 1), the court preliminarily determines that all three of Petitioner's claims are potentially cognizable in federal court.

2.      The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondents

2

and the United States Attorney for the District of Nebraska by regular first-class mail.

3.      By **March 1, 2010,** Respondents shall file a motion for summary judgment or an answer.  The Clerk of the court is directed to set a case management deadline in this case using the following text: **March 1, 2010:**   deadline for Respondents to file answer or motion for summary judgment.

4.      If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

   A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B.      The motion for summary judgment shall be supported by such records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of Records in Support of Motion for Summary Judgment."

   C.      Copies of the motion for summary judgment, the designation, including records, and Respondents' brief shall be served upon Petitioner.

   D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment.  Petitioner shall submit no other documents unless  directed to do so by the court.

   E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.

3

F.     If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with the terms of this order. (See the following paragraph.)    The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.***

5.     If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

A.     No later than 30 days after the filing of the answer, Respondents shall file a separate brief.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.

B.     The answer shall be supported by all records which are relevant to the cognizable claims. Those records shall be contained in a separate filing entitled: "Designation of Records In Support of Answer."

C.     Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner.

D.     No later than 30 days following the filing of Respondents' brief,

4

Petitioner shall file and serve a brief in response.  Petitioner shall submit no other documents unless directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.

6.      No discovery shall be undertaken without leave of the court.

January 13, 2010.                    BY THE COURT:

                                     *Richard G. Kopf*
                                     United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.